UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP J. WALKER, | ) | Case No. 5:09 CV 0780 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Phillip J. Walker  filed this appeal seeking judicial reversal under 42 U.S.C. §405(g) and §1383(c)(3) from the administrative denial of disability insurance benefits and supplemental security income. The parties consented to the jurisdiction of the Magistrate Judge for all further proceedings including entry of judgment in accordance with 28 U.S.C. §636(c) and Rule 73 of the Federal Rules of Civil Procedure.

Walker challenges this denial contending that he is disabled from injuries sustained in a work-related motor vehicle accident in June 2005, and  subsequent cerebrovascular accident. Walker bases his disability due to the stroke and post-replacement aortic aneurysm surgery, degenerative disc disease throughout his spine, depression and post-traumatic stress disorder, which allegedly followed the motor vehicle accident.  He relies on the medical opinions from Dr. Baldonado, whom Walker claims was  a treating source (Tr. 450, 474-76).   At issue is the ALJ's decision denying disability insure benefits and SSI dated November 18, 2008, which stands as the final decision of the Commissioner (Tr. 16-25); and see 20 C.F.R. §404.981, §416.981.  For the reasons that follow, the Court  affirms the administrative denial of benefits.

2

Walker was 51 years of age at the time of the administrative decision, has a high school degree and had worked 19 years as a long-distance trucker (Tr. 68).  The  ALJ found that Walker had not engaged in substantial gainful activity since the motor vehicle accident on June 2, 2005, and that since that date Walker has been severely impaired due to post replacement aortic aneurysm, post cerebrovascular accident and degenerative disc disease of the lumbar, thoracic and cervical spine (Tr. 16A). Nonetheless, the ALJ concluded that these impairments did not preclude Walker from working at a limited range of light work. (Tr. 18).  This finding plus a stipulation from counsel that there would be a significant number of unskilled light jobs despite his nonexertional limitations led to the conclusion that Walker has not been disabled because there are a significant number of jobs that Walker can perform. (Tr. 25).

Walker's two main contentions are: (1) that the ALJ did not give sufficient weight to Dr. Baldonado's opinion; and, (2) that the ALJ's hypothetical question to the vocational expert was not an accurate representation of Walker's limitations.

*Standard of Review:*

Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).  Substantial evidence is more than a scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

3

*Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Lindsley v. Comm'r of Soc. Sec*., 560 F.3d 601, 604 (6th Cir.2009) (quoting *Richardson v. Perales*, 402 U.S. at 401). "The substantial-evidence standard  . . .  presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley*, 581 F.3d at 506 (quoting  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986).  Accordingly, the Court must defer to the ALJ's determination "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270,  273(6th Cir. 1997); and see *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (court may "not inquire whether the record could support a decision the other way").

*Sequential Evaluation and Meeting or Equaling the Listing of Impairments:*

The Commissioner follows a 5-step review process known as the sequential evaluation. This evaluation begins with the question whether the claimant is engaged in substantial gainful activity and then at the second step whether there is a medically severe impairment.  See §404.1520(a)(4)(I) and (ii) and §416.920(a)(4)(I) & (ii). At the third step of a disability evaluation sequence the issue is whether the claimant has an impairment which meets or equals a listed impairment from the Listing of Impairments of Appendix 1.  See 20 C.F.R. §404.1520(a)(iii) and (d); §416.920(a)(iii) and (d).  If an impairment exists which meets the description from the listing or is its equivalent, the claimant is deemed disabled at that point without consideration of age, education or prior work experience. See *Bowen v. Yuckert*, 482 U.S. 137, 141, 107 S.Ct. 2287, 2291, 96 L.Ed.2d 119 (1987); *Sullivan v. Zebley*, 493 U.S. 521, 532, 110 S.Ct. 885, 107 L.Ed.2d 967

4

(1990) (Once a claimant has met this burden that ". . . his impairment matches or is equivalent to a listed impairment, he is presumed unable to work and is awarded benefits without determination whether he can perform his prior work or other work."). "At the fourth step of the sequential approach described in 20 C.F.R. §404.1520, it is the claimant's burden to show that [he] is unable to perform her previous type of work." *Dykes ex rel. Brymer v. Barnhart*, 112 Fed. Appx. 463, 467, 2004 WL 2297874, at *3 (6th Cir. 2004)); *Studaway v. Sect'y of Health and Human Services*, 815 F.2d 1074, 1076 (6th Cir. 1987). Once the administrative decision-maker determines that an individual cannot perform past relevant work, then the burden of going forward shifts to the Commissioner at the fifth step to demonstrate the existence of types of employment compatible with the individual's disability. *Allen v. Califano*, 613 F.2d 139 (6th Cir. 1980); *Cole v. Secretary*, 820 F.2d 768, 771 (6th Cir. 1987); *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391-92 (6th Cir. 1999). Walker established that he cannot perform his past relevant work. Consequently, the burden had shifted onto the Commissioner to demonstrate the existence of types of employment compatible with the individual's disability. See *Allen v. Califano*, 613 F.2d 139 (6th Cir. 1980); *Cole v. Secretary*, 820 F.2d at 771; *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990); *Her v. Comm'r of Soc. Sec.*, 203 F.3d at 391-92.

*I. The ALJ's consideration of Dr. Baldonado's opinion:*

In determining the question of substantiality of the evidence, reports of physicians who have treated the applicant over a long period of time are entitled to greater weight than the reports of physicians employed by the government for the purpose of defending against a claim for disability. See 20 C.F.R. §404.1527(d)(2); §416.927(d)(2); 20 C.F.R. §404.1527(d)(3); §416.927(d)(3). This

5

is commonly known as the treating physician rule. See *Rogers v. Commissioner of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007); *Wilson* v. *Commissioner of Soc. Sec.*, 378 F.3d 541, 544(6th Cir. 2004). The ALJ must give the opinion from the treating source controlling weight if he finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner,* 378 F.3d 541, 544 (6th Cir. 2004) quoting 20 C.F.R. §404.1527(d)(2) and §416.927(d)(2). When the ALJ does not give the opinion from a treating physician controlling weight because it is unsupported or inconsistent with other substantial evidence, then the ALJ must consider: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole, and; (5) the specialization of the treating source, as mandated under 20 C.F.R. § 404.1527(d) and §416.927(d). See *Bowen v. Commissioner of Social Sec.,* 478 F.3d 742, 747 (6th Cir. 2007)(citing *Wilson*, 378 F.3d at 544). Consistency and supportability are key. Consistency is simply comparison "with the record as a whole." 20 C.F.R. §404.1527(d)(4) &§416.927(d)(4). Under supportability the ALJ considers the medical signs and laboratory findings and "[t]he better an explanation a source provides for an opinion, the more weight" it is given. 20 C.F.R. §404.1527(d)(3) &§416.927(d)(3). Supportability of the medical opinion of disability has long been a key factor in determining how much weight to give the opinion. The ALJ is not bound by a conclusory opinion which is unsupported by detailed objective criteria, or when there is substantial medical evidence to the contrary. *Cutlip v. Secretary*, 25 F.3d 284, 286 (6th Cir. 1994); *Cohen v. Secretary*, 964 F.2d 524, 528 (6th Cir. 1992); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

6

The ALJ carefully scrutinized the record and opted to follow the opinion given in the medical advisor's hearing testimony and the state agency physician (Tr. 16A, 18, 20 n. 7, 22-23). Walker complains that the ALJ "does not comment at all on the length of the treating relationship" with Dr. Baldonado. (Brief at 8). However, the ALJ did reference the reports from this doctor and thus implicitly acknowledged the duration of the treatment relationship, which was very brief. It is noteworthy that Walker did not include Dr. Baldonado on his list of doctors submitted as part of the application process in 2006 (See. Tr. 67-68). Dr. Baldonado's first report appears in October 2007, and the ALJ specifically referred to this report (Tr. 17, 347-48, Ex. 11F pps. 3-4). Dr. Baldonado's next report is his November 2007 examination, which the ALJ again specifically acknowledged (Tr. 21 n. 9, 421, Ex. 12F p. 6).[1] These two reports appear to be the only recorded examinations from Dr. Baldonado prior to his opinions of disability dated March 31, 2008, and October 9, 2008 (Tr. 22, 450, Ex. 14F, 474-76, Ex. 18F). What is telling is that the ALJ does not refer to Dr. Baldonado as a "treating source," but as a "primary care physician." (Tr. (Tr. 22-23, 474-76). It appears that the ALJ did not accept Dr. Baldonado as a "treating source" due to a "treatment relationship" as described under 20 C.F.R. §404.1527(d)(2) and its SSI equivalent §416.927(d)(2).

Further, Walker does not indicate that he was examined by Dr. Baldonado aside from the two reported examinations during October and November 2007. The length of the treatment relationship and frequency of examination **must be evidenced in the record**. (See §404.1527(d)(2)(i);§416.927(d)(2)(i)). Moreover, the existence of an ongoing treating relationship

---

[1] The ALJ did not catch that Dr. Baldonado had initially opined in November 2007, that "based on my observation," Walker could perform "some clerical work." (Tr. 422, Ex. 12 F. p. 7). Unexplained changes in medical opinion provide substantial evidence to reject an opinion of disability. See *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993); *Stanley v. Dept. of Health and Human Services*, 39 F.3d 115, 118 (6th Cir. 1994).

must be established at the time  the opinion is rendered to qualify this doctor as a treating physician. See *Kornecky v. Commissioner of Soc. Sec.*, 167 Fed. Appx. 496, 506, 2006 WL 305648 (6th Cir. Feb. 9, 2006) (unreported). One visit does not establish a treating relationship. See *Barker, v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). So, it is debatable that two visits are sufficient to establish a "treatment relationship." Accordingly, given that only two recorded examinations by this doctor appear in the record, the ALJ's less than deferential consideration of this doctor's opinions  is supported by substantial evidence. Dr. Baldonado's opinions of disability were not entitled to weight as opinions from a "treating source."

Walker next complains that the ALJ failed to comment on the prescribed medications and that a cane had been prescribed.  The ALJ is required by §404.1527(d)(2)(ii), and its SSI counterpart, to look to "the treatment the source has provided." Well, Dr. Baldonado did not prescribe a cane, but Dr. Baldonado did prescribe Oxycontin.  Aside from the critical lack of Walker's demonstration that this doctor was a "treating source,"  the ALJ noted that Walker had been prescribed narcotics, physical therapy and a TENS unit as treatment since 2005 (Tr. 20 n. 7). The ALJ relying on the medical adviser's testimony found that the degree of spinal degenerative changes was essentially normal for an individual closely approaching advanced age and should not cause pain. This finding was thus supported by substantial evidence.

Finally, Walker argues that there is no suggestion from any treating source that he is exaggerating, and there is no evidence supporting the ALJ's finding that Walker can sustain light work activity. First, it is correct that no "treating source" opined that Walker is a malingerer.  That

8

finding is supported by Dr. Leidal's opinion after conducting consultative psychological testing and examination (Tr. 291), and review of the evidence relating to Walker's mental health by a non-examining state agency physician (Tr. 307). Further, as the ALJ noted, "Walker has not seen the need to seek out any psychotherapy since the June 2, 2005 alleged onset date" (Tr. 17). Accordingly, the ALJ had substantial evidence on which to base the finding that Walker was exaggerating the severity of his alleged mental impairment.

Second with respect to Walker's ability to  sustain light exertion capability.  This is supported by the testimony from the medical adviser on Walker's residual functional capacity and the residual functional capacity assessment from the non-examining state agency physicians. The ALJ is certainly entitled to consider this medical evidence and further is required to do so. See 20 C.F.R. §1527(f)(i)-(iii). Further, as the ALJ stated, Social Security Ruling 96-8p states that a residual functional capacity by definition "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" –meaning 8 hours a day for 5 days a week, or an equivalent work schedule (Tr. 19). [2]  Accordingly, the ALJ had substantial evidence to find that Walker could sustain a reduced range of light work.

*II. Credibility:*

---

[2] Social Security Rulings "are binding on all components of the Social Security Administration" and "represent precedent final opinions and order and statements of policy and interpretations" that have been adopted.  20 C.F.R. 402.35(b)(1). See *McClanahan v. Comm'r of Soc. Sec*. 830,  834 (6th Cir. 2006), citing *Blankenship v. Bowen*, 874 F.2d 1116, 1119 n. 9 (6th Cir. 1989).

9

Intermingled with his treating physician argument, Walker challenges the ALJ's finding that his alleged pain was only partially credible to the extent it limited him to light exertion. Walker relies on treatment notes from Dr. Dornan, which he claims establish chronic pain documented by MRI evidence of disc bulges, annular tears, narrowing and disc dessication and osteophyte formation (Tr. 339-342). As mentioned earlier, the medical adviser testified that these MRI's were age-consistent with a pain-free individual (Tr. 543), and he did not see any organically determined cause for severe pain that would require the use of narcotics (Tr. 544). The ALJ did employ the correct procedure to evaluate alleged pain as found in 20 C.F.R. §404.1529, and its SSI counterpart §416.929 as well as SSR 96-7p. The ALJ did note the greatly restricted daily activities alleged by Walker, but found these to be exaggerated (Tr. 19-20).

Credibility determinations track pain analysis. See *Felisky v. Bowen*, 36 F.3d 1027, 1038-39 (6th Cir. 1997); *McCoy v. Chater*, 81 F.3d 44, 47 (6th Cir. 1995), *cert. denied*, 518 U.S. 1022 (1996); *Walters v. Comm. of Soc. Sec.*, 127 F.3d 525, 531-32 (6th Cir. 1997); and see *Saddler v. Commissioner of Soc. Sec.*, 173 F.3d 429, 1999 WL 137621 (Table 6th Cir. March 4, 1999); 20 C.F.R. §404.1529(c)(3); §416.929(c)(3). The ALJ's discussion of this issue must contain clearly stated reasons. *Felisky v. Bowen*, 35 F.3d at 1036(citing *Auer v. Secretary of Health & Human Servs.*, 830 F.2d 594, 595 (6th Cir. 1987)). The Commissioner has elaborated on this point requiring that the administrative decisions, " must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewer the weight the adjudicator gave to the individual's statements and the reasons for that weight." Social Security Ruling (SSR) SSR 96-7p, 1996 WL 374186 *1-2; *Saddler*

10

at *2. The ALJ did engage in this process and provided articulate reasoning. First the ALJ considered whether there were any objectively demonstrable abnormalities that could cause pain and the reasonableness of Walker's alleged disabling pain. The format set forth in SSR 96-7p outlines the administrative evaluation process beginning with traditional two-prong *Duncan* pain analysis plus the additional regulatory considerations under 20 C.F.R. §404.1529(c)(3) and §416.929(c)(3).  See *Duncan v. Secretary of Health & Human Services*, 801 F.2d 847, 853 (6th Cir. 1986); *Rogers v. Commissioner of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). Under the two-prong  pain analysis, there first must be a determination whether there exists an underlying medically determinable physical or mental impairment followed by the question whether the impairment would be reasonably expected to produce the individual's pain or other symptoms. SSR 96-7p, 1996 WL 374186 at *2. Based largely on the medical adviser, the ALJ found physical evidence to support  some degree of pain, but not disabling pain, and rejected Walker's testimony as exaggeration. The ALJ had substantial evidence for both findings. The role of the court is not to examine the credibility of claimant's testimony or resolve conflicting evidence but rather to determine whether substantial evidence supports the Commissioner's determination of disability within the meaning of the Social Security Act.  See *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001).


*III. Vocational Evidence:*

A vocational expert's opinion cannot constitute substantial evidence unless the expert precisely considers the particular physical and mental impairments affecting claimant.  *Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987); *McMillan v. Schweiker*, 697 F.2d 215, 221 (8th Cir. 1983).  *Howard v. Commissioner*, 276 F.3d 235, 239 (6th Cir. 2002). "There must be 'a finding

11

supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs.'" *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987); *O'Banner v. Secretary*, 587 F.2d 321, 323 (6th Cir. 1978).  The hypothetical question posed to the vocational expert must incorporate those limitations accepted as credible by the finder of fact.  *Casey v. Secretary of Health and Human Services,*  987 F.2d 1230, 1235 (6th Cir.1993).


Walker attempts to relate functional capability findings found post-hearing as support for the questions posed to the vocational expert under the assumption that pain would cause the individual to be off-task (Tr. 555-56, 477-82).  This physical assessment prepared at Dr. Baldonado's behest by a physical therapist indicates that Walker cannot perform even sedentary exertion.  The ALJ found this assessment to be inconsistent with medical opinion, and physical capacity questionnaires completed by the primary care physician, and as overly deferential to Walker's subjective complaints (Tr. 22-23).  Dr. Baldonado did report on March 31, 2008, that Walker would have problems sitting, standing or walking "for a long time"(Tr. 469), and later opined that Walker could perform "desk work" permitting him to lie down from time to time (Tr. 474).  The ALJ had substantial evidence for the finding that Walker could perform a limited range of light work and this post-hearing physical assessment does not detract from that.


### *CONCLUSION*

The issues before this court must be resolved under the standard of whether the determination is supported by substantial evidence of record.  "Under 42 U.S.C. §405(g), the ALJ's findings are conclusive as long as they are supported by substantial evidence."  *Duncan v. Sec'y of*

12

*Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986) (stating that this court's review "is limited to determining whether there is substantial evidence in the record to support the findings")." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001).   Based on the arguments presented, the record in this matter and the applicable law, the undersigned finds that the Commissioner's determination denying disability insurance benefits and SSI was supported by substantial evidence and must be affirmed. This is not to say that the Commissioner's decision is the more correct view of the record. The record certainly supports pain to a greater degree than found by the ALJ, but there was some ambivalence in the record. Walker does present a compelling and sympathetic case.  But as stated earlier, substantial evidence is a low threshold, and the denial of benefits was supported by substantial evidence.  "Only when the law permits it may we use our writ to assuage the hurts that come unbidden to our fellow human beings." *Lane v. Gardner*, 374 F.2d 612, 618 (6th Cir. 1967).

                                    s/James S. Gallas
                              United States Magistrate Judge